IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                          Case No. 2:11-cr-20049

ROBERT LOWELL MILLER                                                                       DEFENDANT

and

GENY AGENCY OF ARKANSAS, LLC.,
c/o REX M. TERRY                                                                              GARNISHEE

**O R D E R**

The Court held a hearing on January 24, 2013 in the above-captioned matter to determine the status of a restitution order previously entered by this Court. Assistant U.S. Attorney Deborah Groom was present for the Government. Rex Terry was present on behalf of Garnishee Geny Agency of Arkansas, LLC ("Geny"). Other interested parties who were present include Paul Gant, on behalf of Citizens Bank of Arkansas ("Citizens Bank"); Jeff Spillyards, on behalf of Hanover American Insurance Company ("Hanover"); Bill Chandler; and Lance Lanier, a representative of Citizens Bank. During the hearing, the issues outlined below were discussed. To the extent this Order differs from any oral statements of the Court at the hearing, the language of this Order controls.

On May 9, 2012, Defendant Robert Lowell Miller ("Miller") was convicted of embezzling insurance premiums. The criminal judgment contained an order directing Miller to pay restitution in the amount of $169,867.00 to Hanover Insurance Company, $19,221.48 to Bank of the Ozarks, and $21,056.00 to Geny Insurance Agency/also, JMR/PFP Insurance. On August 1, 2012, the District Court Clerk issued a Writ of Continuing Garnishment to recover funds held by Geny and

owing to Defendant Robert Lowell Miller pursuant to an asset purchase agreement. Geny filed a response on October 23, 2012, admitting that Geny is holding funds due to the Bob Miller Insurance Agency, Inc. ("Miller Insurance"), but denying that Geny holds any funds due to Miller, individually. Geny also informed the Court that there have been other garnishments issued by judgment creditors, and that Geny has paid funds that were due and owing to Miller Insurance to those judgment creditors previously. The Government filed a reply with leave of Court, arguing that Miller Insurance is the alter ego of Robert Lowell Miller, and the Court should pierce the corporate veil[1] to allow garnishment of payments owed by Geny to Miller Insurance to satisfy the criminal restitution penalty assessed against Miller. At the January 24, 2013 hearing, the Court addressed the issue of whether the funds held by Geny and due to Miller Insurance should be applied toward Miller's restitution order.

Based on the record in this case and the evidence presented at the hearing, Miller Insurance is the alter ego of Defendant Robert Lowell Miller. Miller was the sole owner and shareholder of Miller Insurance, and he used his position in the corporation to commit the offense to which he was found guilty. The corporation served as the means by which Miller accomplished the embezzlement of insurance premiums that resulted in his conviction. Miller, as an individual, had the intent to defraud and the intent to deceive the victims, and he carried out the acts through Miller Insurance. Adhering to the corporate fiction in this matter would promote injustice and lead to an evasion of legal obligations. In addition, the Government introduced evidence that Miller himself expected the

---

[1] The Court notes that while the Government's Reply urges the Court to "pierce the corporate veil," what the Government actually seeks is "reverse piercing of the corporate veil." The former refers to disregarding the corporate fiction to find an individual personally liable for corporate debts or actions (*United States v. Acambaro Mexican Rest., Inc.*, 631 F.3d 880, 883 (8th Cir. 2011)); the latter refers to disregarding the corporate fiction to hold the *corporation* accountable for an *individual's debts or actions* (*United States v. Emor*, 850 F. Supp. 2d 176, 206 (D.D.C. 2012)).

restitution to be paid from the proceeds due to Miller Insurance. Therefore, it is appropriate that funds owing to Miller Insurance should be applied to Miller's restitution obligations.

Payments of restitution are distributed to the victims on a pro-rata basis. When a victim later recovers compensatory damages for the same loss in any federal civil proceeding or any state civil proceeding—to the extent provided by the law of the state—the restitution owing to that victim is to be reduced by the amount of compensatory damages received. 18 U.S.C. § 3664(j)(2). This Court entered a consent judgment in favor of Hanover against Miller Insurance and Defendant Miller, individually, on September 16, 2011. Hanover filed the judgment in the Circuit Court of Pulaski County, Arkansas, and received $13,295 from Geny pursuant to a Writ of Garnishment filed in that court. Thus, the amount of restitution due to Hanover should be reduced by $13,295. At the hearing, Geny informed the Court that as of December 31, 2012, Geny is holding $71,560 of funds due to Miller Insurance as proceeds owing under an asset purchase agreement dated February 15, 2011. Geny, although holding the funds, is also a victim identified in the restitution order and will be entitled to a pro-rata share.

Accordingly, IT IS ORDERED that the funds currently held by Geny and owing to Miller Insurance, and any other funds that may become due and owing to Miller Insurance by Geny, are to be paid to the District Court Clerk and applied toward satisfaction of Miller's restitution. The Clerk is to distribute the funds to the victims on a pro-rata basis in accordance with this Court's previous restitution order (Doc. 11). IT IS ALSO ORDERED that the amount of restitution owing to Hanover is reduced by $13,295.

IT IS SO ORDERED this 5th day of February, 2013.

*/s/ P. K. Holmes, III*

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE